JOHNATHAN HOWE *v*. P. C. AND J. D. LILLARD.

NOEL *v*. P. C. AND J. D. LILLARD.

[Abstract Kentucky Law Reporter, Vol. 7—298.]

**Trust in Holding Land.**

> Where a wife owning real estate becomes indebted, has a worthless husband, and is about to lose her land, and the husband's brother purchases the land in order to give his brother's family a home, and pays up his grantor's debts, while the facts might disclose that he held the land in trust for his brother's family, he has the legal title; and an effort of the worthless husband's creditors, who became such long after the purchase of the land by the brother, to subject such land to their debts will fail where the brother's purchase was made in good faith, and the fact that he permitted his brother's family to occupy the land free of rent is no evidence of fraud on his part, but rather evidence of his benevolent purpose.

APPEAL FROM GALLATIN CIRCUIT COURT.

October 17, 1885.

OPINION BY JUDGE PRYOR:

This record contains two appeals, one of *Johnathan Howe v. P. C. and J. D. Lillard,* and the other of Agnes Noel against the same parties.

It appears from the pleadings and proof that the wife of P. C. Lillard was the owner in her own right of a tract of about one hundred acres of land near Glencoe, in the county of Gallatin, upon which she and her husband lived. They had several children, and the husband seems to have been improvident and much involved in debt, and the land of the wife was the only source from which they derived subsistence. Milton Williams seems to have had a lien upon this tract of land, or at least subjected it to a sale by the

judgment of the chancellor for his debt, and the same was purchased by the appellee, J. D. Lillard, in the year 1874, for about the sum of $400. The sale was reported back to the chancellor and confirmed at the September court, 1874, of the Gallatin Circuit Court. After the purchase of this land by J. D. Lillard, the husband and wife (P. C. Lillard and wife) sold twenty-three acres of this land to Dr. Yager for a sum sufficient to reimburse J. D. Lillard in the amount paid by him, and also for a sum sufficient to pay other debts owing by the husband and wife. J. D. Lillard took Yager's note for the amount he had paid on his purchase and permitted his brother and wife to use the balance in paying their debts, including medical bills owing Yager and some other indebtedness. In the note executed by Yager to J. D. Lillard the latter agrees and does release his claim upon the land sold him. After the sale was made the appellants, to whom P. C. Lillard and wife were indebted, the one by a judgment in equity and the other at law, subjected their land to the payment of their debts.

The appellant, Noel, for goods furnished the wife as necessaries, evidenced by her written obligation, subjected the fee, and for a debt due by the husband subjected his curtesy in the wife's land, she having died. An attempt was made by Howe to obtain possession under his execution purchase and the deed from the sheriff, when the appellee, J. D. Lillard, interposed and claimed that he owned the land as purchaser, that neither of the appellants, Noel or Howe, acquired any title. It was also alleged that the purchase or claim set up by J. D. Lillard was with a view to delay creditors.

The only question involved in the case is as to the character of title in J. D. Lillard. If he by any agreement between himself and his brother or the wife of the brother agreed to hold the land until he was indemnified, and then to surrender his claim, then appellees were entitled to subject the land; or if Lillard held it in trust for those parties under any arrangement with them the creditors can subject the land, or, having already subjected it, may enter under their deeds. The testimony shows that P. C. Lillard and wife remained with their children in possession of this land and enjoyed all the benefits therefrom without paying any rent to J. D. Lillard, or accounting for the same in any way. It further appears that the purchase was made by the brother, J. D. Lillard, with the avowal, as he testifies, and, as his pleadings admit, in order that the chil-

dren of his brother, who was extravagant and improvident, might not be deprived of a home; and upon this state of case it is argued that the charge that J. D. Lillard held the land in trust is fully sustained.

The purchase made by the appellee, J. D. Lillard, was made in good faith. The claim of Williams was just and equitable; and the purchase was made by J. D. Lillard at the commissioner's sale and his note executed for the purchase-money and paid by him out of his own means and the sale confirmed. This invested J. D. Lillard with title, and the mere fact that he was reimbursed by a sale of part of the land did not divest him of title. He was still the owner and had the right to give or hold this land for the children of his brother's wife unless there was an agreement by which the title was to be restored to the wife when she repaid to J. D. Lillard the money, and they both, P. C. and J. D. Lillard, swear as the motive that J. D. Lillard asserted his purpose to hold it for the children. There was necessity for this step on the part of their uncle, who was doubtless interested in providing them a home. It was about to be sold and the wife and children deprived of a home. In order to protect them against this misfortune and the reckless expenditures by the father, he becomes the purchaser and holds it for the children. There can be no fraud in the consummation of such a motive, nor has the creditor of the husband or wife the right to complain. When the land was sold to Yager the consent of J. D. Lillard was obtained and Yager says that J. D. Lillard told him, he, Lillard, bought the land to protect the interest of the children. Lillard may have and did purchase the land for less than its real value, but if bought by one not connected with the parties it would have passed the title.

It was neither a sham nor fraudulent sale of which J. D. Lillard acquired title, and if in good faith he can not well be deprived of title for the reason that he permits his brother and children to live upon the land free of rent. He says this was his object in buying it, and the motive was commendable, although other debts are unsatisfied. The statement in the note to Yager that he released the lien on the land evidently refers to the land sold Yager. To construe its meaning otherwise would be to defeat the object J. D. Lillard had in view and as inferred when or about the time the note was given.

The land for which the debt was sold belonged to the wife. It was a just debt. The brother-in-law purchased the land with the intention to hold it that the children of his own brother might have a home. They occupy it free of rent, and the brother, the purchaser, has sold or consented to a sale of enough to pay him and other debts. Under such circumstances will the children be permitted to remain on the land or will the creditors of the husband and wife be permitted to subject it? In a controversy between the parties to this litigation, having the creditors out of view if a trust is to be created from the proof, in whose favor does the trust exist? Not for the wife or the husband, but for the children. It is certain that the claim of Howe is invested with but little equity. He gave credit alone to the husband and at the time the credit was given or the debt created the husband had no interest whatever in the land that could be subjected to his debt, and the debt to Noel was created after Lillard's purchase. Suppose, after the confirmation of the sale, Lillard had conveyed to the children, could there be any doubt of their right to hold the estate?

His title was complete and he had the right to sell or give the property as he saw proper. The same facts that are relied on to establish the trust, sustain the action and conduct of the uncle who says he purchased for the benefit of the children. We see no reason for disturbing the judgment below and know of no rule of law or equity that would prevent such a purchase, if made in good faith.

Judgment *affirmed.*

*J. J. Landrum, for appellants.*

*D. W. Lindsey, for appellees.*